14502567.1.12-23

Case: 1:26-cv-02791 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 8/4/2026
Description: Pro Se Gen. Civ. (F-DECK)

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**Christina Aufderheide-Wright**
12 Victor PKWY
Annapolis, MD 21403
Plaintiff, Pro Se,

v.

**United States Secret Service**
950 H Street NW
Washington, DC 20223

**John Doe 1–10, Unknown United States Secret Service Agents**
In their individual and official capacities
**United States Secret Service**
245 Murray Lane SW
Washington, DC 20223

**United States of America**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Defendants.

Civil Action No. ___________

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE IMPRISONMENT, NEGLIGENCE, UNLAWFUL SEARCH AND SEIZURE, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

---

14502567 1.13-23

# INTRODUCTION

1. Plaintiff Christina Aufderheide-Wright brings this civil action arising from her detention by agents of the United States Secret Service near the White House and her interrogation on the street and the impoundment of her car and search of her belonging in her car.
2. Plaintiff alleges that she approached the White House area peacefully for the purpose of asking how to contact the President of the United States regarding employment opportunities or offering assistance to the President of the United States.
3. Plaintiff alleges she did not threaten violence, possess weapons, or engage in criminal conduct.
4. Plaintiff alleges that despite her peaceful conduct, Secret Service personnel detained, handcuffed, searched her body, and transported her against her will to an unknown location.
5. Plaintiff further alleges that her vehicle was searched without valid consent or warrant, her private writings were examined, and her vehicle was impounded, causing financial loss because her laptop computer was left in a hot car for 8 days.
6. Plaintiff additionally alleges she was involuntarily confined at the Psychiatric Institute of Washington for approximately eight days without adequate due process or meaningful psychiatric evaluation where she was subjected to cruel and unusual punishment, torture that covered her in welts, bruises and marks, injected with toxic substances that incapacitated her for more than 3 days, subjected to horrific emotional abuse, forced toxic mind altering medications, psychological harm, loss of her 200,000 a year career that she loved with patients who she was attached to, attempted reputational sabotage of her Presidential campaign as a woman for 2028 and sabotage of her career as a mental health therapist and attempt to sabotage her being granted her counseling license.
7. Plaintiff alleges she suffered emotional distress, severe torture and physical injury to the point of near death, unjust reputational harm, unjust employment loss, financial damages, and devastating emotional harm relating to the welfare of her dog during the confinement because the confinement resulted in the death of her dog with special needs (water, food, love, pets, hugs, walks, snuggles, kisses, fresh air, light – so as not to be alone in the dark and scared when confused as to why plaintiff was not home at her usual time for her) who she could not properly care for because her freedom to care for her dog was stolen from her when U.S. Secret Service kidnapped plaintiff.
8. Plaintiff alleges that Secret Service did not allow plaintiff access to her medication for high blood pressure or for her special and unique condition that is documented on her social media with a following of over 59 million followers and for which she needed her emotional support dog who died as a result of not being united with plaintiff who had a special bond with plaintiff. Plaintiff also was denied access to her synthroid medication in a timely manner for a removed thyroid from thyroid cancer and forced to take mind altering psychotropic medication for a condition she was not diagnosed with that also causes severe physical bodily irreversible harm.

14502567 1.14-23

# JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346 because the action arises under the Constitution and laws of the United States.
9. Venue is proper in the District of Columbia because the events giving rise to this action occurred within the District of Columbia.

# PARTIES

10. Plaintiff Christina Aufderheide-Wright is a resident of Maryland.
11. Defendant United States Secret Service is a federal law enforcement agency operating within the District of Columbia.
12. Defendants Unknown Secret Service Officers 1–10 were federal officers acting under color of federal authority.
13. Defendant United States of America is the federal government of the United States and is named as a defendant because the claims asserted in this Complaint arise from the acts, omissions, conduct, or liability of the United States and/or its agencies, officers, employees, or agents acting within the scope of their authority.
14. The United States may be served through the appropriate federal officials as required by applicable law, including the Attorney General of the United States and the United States Attorney for the district where this action is filed.

# FACTUAL ALLEGATIONS

14. On or about __April 15, 2026_, Plaintiff traveled to Washington, D.C. and approached an entrance area near the White House.
15. Plaintiff sought information regarding how to contact the President or seek opportunities to assist the administration.
16. Plaintiff alleges she behaved peacefully and did not threaten any person.
17. Plaintiff was approached by Secret Service personnel, detained, handcuffed, and transported against her will.
18. Plaintiff's automobile was impounded, resulting in approximately $715 in towing and storage fees.
19. Plaintiff alleges federal officers searched her vehicle and examined her private journal and personal effects without a warrant or lawful consent.
20. Plaintiff was transported to the Psychiatric Institute of Washington and involuntarily confined for approximately eight days.
21. Plaintiff alleges she was not provided meaningful procedural protections or timely judicial review regarding continued confinement.

14502567.1.15-23

22. Plaintiff alleges she repeatedly attempted to arrange care for her dog but was unable to make timely arrangements due to the restrictions placed upon her communications and confinement.
23. Plaintiff alleges her dog suffered dehydration and lack of adequate care during this period. Plaintiff's dog was terrified and left in the dark without plaintiff.
24. Plaintiff further alleges that she suffered physical restraint, involuntary injections of mind altering and sedating medications, blood draws without adequate explanation, emotional trauma, bruises all over her body from being crushed, humiliation, and physical injury.
25. Plaintiff alleges her clothing and shoes were removed during confinement and she was released 8 days later without her shoes which contained a scientific device and she was barefoot.
26. Plaintiff further alleges she lost employment as a mental health therapist earning 300,000 a year, suffered near refusal of issuance of her state license to operate as a therapist, suffered damage to her Presidential Campaign for 2028, professional reputation and damage to other business prospects.

---

# COUNT I – UNLAWFUL SEARCH AND SEIZURE

(U.S. Constitution – Fourth Amendment)

27. Plaintiff incorporates all prior paragraphs.
28. Plaintiff alleges Defendants searched her vehicle and private writings without a warrant, probable cause, or lawful consent.
29. Plaintiff alleges the seizure of her person and property was unreasonable under the Fourth Amendment.
30. Plaintiff suffered damages as a direct result.
31. Damage was incurred to plaintiff's 2028 Presidential Campaign.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages where permitted, costs, and further relief deemed appropriate.

---

# COUNT II – FALSE IMPRISONMENT

31. Plaintiff incorporates all prior paragraphs.
32. Plaintiff alleges she was intentionally confined against her will.
33. Plaintiff alleges Defendants lacked sufficient lawful justification for the duration and conditions of confinement.
34. Plaintiff suffered emotional distress, reputational harm, and financial damages as a result.

14502567.1.16-23

35. Plaintiff was female and defendants were all male, resulting in gender bias, including for the Presidential campaign for 2028 in the country which is consistently only electing male presidents.
36. Plaintiff's emotional support dog who also died as a result of the involuntary confinement by the U.S. Secret Service, when plaintiff merely asked how she could help, was also female and a very important dog, as can be proven by videos.

WHEREFORE, Plaintiff requests judgment against Defendants.

---

# COUNT III – NEGLIGENCE

35. Plaintiff incorporates all prior paragraphs.
36. Defendants owed Plaintiff duties of reasonable care during detention and confinement.
37. Plaintiff alleges Defendants breached those duties by:
    a. failing to properly evaluate Plaintiff;
    b. failing to protect Plaintiff's property and privacy;
    c. failing to reasonably accommodate urgent concerns regarding Plaintiff's dog;
    d. using excessive restraint or medication; and
    e. failing to provide adequate procedural protections.
38. Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff requests compensatory damages and other relief.

---

# COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff incorporates all prior paragraphs.
40. Plaintiff alleges Defendants engaged in extreme and outrageous conduct under the circumstances.
41. Plaintiff suffered severe emotional distress, humiliation, anxiety, trauma, and mental anguish.

WHEREFORE, Plaintiff requests damages and appropriate relief.

---

# DAMAGES

14502567 1.17-23

Plaintiff seeks:

- Compensatory damages in excess of $50,000,000;
- Lost wages and future earning capacity;
- Reputational damages;
- Medical and emotional distress damages;
- Property damages and towing costs;
- Punitive damages where permitted by law;
- Court costs and any other relief the Court deems proper.

---

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,

/s/Christina Aufderheide-Wright

Christina Aufderheide-Wright
Plaintiff Pro Se

Date: __July 20, 2026____